**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bundoo Khan USA LLC, | No. CV-22-01838-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| MASKA Food Service LLC, | |
| Defendant. | |

Plaintiff Bundoo Khan USA, LLC brings this action against Defendant MASKA Food Service LLC for trademark infringement, false designation of origin, trademark dilution, common law and Arizona statutory unfair competition, and false advertising. (Doc. 1.) Plaintiff served Defendant on November 10, 2022. (Doc. 9.) After Defendant failed to appear, the clerk entered default on December 9, 2022. (Doc. 12.) Plaintiff has now moved for entry of default judgment in the form of a permanent injunction and $7,709.58 in attorney fees and costs. (Doc. 14.) The motion is granted.

Whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470,

1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Having reviewed Plaintiff's motion, the Court finds the relevant factors favor entry of default judgment. If default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Taking the allegations in the complaint as true, Plaintiff has alleged sufficient and meritorious trademark and unfair competition claims, and given Defendant's default there likely are no genuine factual disputes that would preclude granting the motion. *Id.* There is no evidence that Defendant's default was the result of excusable neglect. Aside from a reasonable and relatively modest fee award, Plaintiff is not seeking monetary damages, so the amount of money at stake does not weigh against entry of default judgment. And although cases "should be decided on their merits whenever reasonably possible" *Eitel*, 782 F.2d at 1472, the existence of Federal Rule of Civil Procedure 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Accordingly, for the reasons articulated in Plaintiff's motion,

**IT IS ORDERED** that Plaintiff's motion or default judgment (Doc. 14) is **GRANTED** as follows:

1. The Clerk shall enter judgment in favor of Plaintiff and against Defendant on all claims.

2. Defendant, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them, who receive actual notice of this injunction by person service or otherwise, are permanently enjoined and restrained from:

    a. Using any reproduction copy or colorable imitation of BUNDOO KHAN ("the Mark") in any manner not authorized by Plaintiff, including but not limited to the operation of any restaurant or food service establishment;

    b. Engaging in any course of conduct likely to cause confusion, deception or mistake, or dilute the distinctive quality of the Mark;

    c. Using a false description or representation including words or other symbols tending to falsely describe or represent that Defendant's goods or services as being those of Plaintiff or sponsored by or associated with Plaintiff;

    d. Using or continuing to use the Mark in any variation thereof to promote, market or advertise Defendant's goods or services, including but not limited to in social media postings;

3. Plaintiff is awarded $7,709.58 in reasonably attorney fees and costs under 15 U.S.C. § 1117(a).

4. Upon entry of judgment, the Clerk shall terminate this case.

Dated this 7th day of September, 2023.

_____
Douglas L. Rayes
United States District Judge